IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOSHEA JOHN JONES,<br><br>    Plaintiff,<br><br>V.<br><br>SYLVIA MATHEWS BURWELL,<br>SECRETARY, U.S. DEPT. OF HEALTH<br>AND HUMAN SERVICES,<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>1:16-cv-01262-LMM-WEJ |

**DEFENDANT SYLVIA MATHEWS BURWELL'S
<u>MOTION TO DISMISS</u>**

COMES NOW Defendant the Sylvia Mathews Burwell, by and through the United States Attorney for the Northern District of Georgia, and move the Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5). The grounds for this Motion are set forth more fully in the attached Memorandum of Law.

Respectfully submitted,

JOHN HORN
UNITED STATES ATTORNEY

/s/ Emily Shingler
Emily Shingler

-1-

        Assistant U.S. Attorney
        Georgia Bar No. 311482
        600 United States Courthouse
        75 Ted Turner Drive, S.W.
        Atlanta, Georgia  30303
        Voice:     (404) 581-6000
        Facsimile: (404) 581-4667

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOSHEA JOHN JONES, | |
| Plaintiff, | CIVIL ACTION NO.: |
| V. | 1:16-cv-01262-LMM-WEJ |
| SYLVIA MATHEWS BURWELL, SECRETARY, U.S. DEPT. OF HEALTH AND HUMAN SERVICES, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
<u>SYLVIA MATHEWS BURWELL'S MOTION TO DISMISS</u>**

Defendant Sylvia Mathews Burwell ("Burwell") has moved to dismiss Plaintiff's Complaint ("Complaint") and various allegations set forth therein, and as grounds would show the Court the following:

**I. INTRODUCTION**

Plaintiff in this matter was briefly employed by Defendant as a GS-511-5, Auditor, in Defendant's Atlanta Regional Office of the Office of Inspector General (OIG), Office of Audit Services (OAS) from June 2009 until his employment was terminated in January 2010. Doc. 1 at 8.

Around the time of his termination Plaintiff filed an informal complaint of discrimination followed by a formal complaint of discrimination on April 6, 2010. *Id*. at 9. In his complaint of discrimination, Plaintiff alleged that the Agency discriminated against him due to his disability (Attention Deficit Hyperactivity Disorder ("ADHD")) and in retaliation for his prior protected EEO activity when Plaintiff was allegedly not provided reasonable accommodations, was denied a performance evaluation and was terminated from his employment. *Id*.

The Agency investigated the accepted issues as described above and issued the Plaintiff a report of investigation. Plaintiff requested a hearing before an administrative judge with the Equal Employment Opportunity Commission (EEOC). *Id*. EEOC Administrative Judge Lana Layton held a two-day hearing in this matter beginning on November 2, 2011. *Id*. After the conclusion of the administrative hearing, Administrative Judge Layton issued her Order Entering Judgment on April 11, 2012, finding no discrimination. *Id*. at 20-35. That decision was ultimately upheld on appeal by the EEOC's Office of Federal Operations in a decision dated December 17, 2015. *Id*. at 8-16.

Plaintiff then filed an "appeal" of the EEOC's decision with the U.S. Court of Appeals for the 11th Circuit. That appeal was transferred to this Court.

Plaintiff's "Complaint" filed herein consists of a 92-page document composed primarily of a series of documents related to the EEO complaint described above, interspersed with commentary provided by the Plaintiff. *See* Doc. 1. Additionally, Plaintiff has provided a series of documents related to a Freedom of Information Act (FOIA) request (or requests) made to Defendant. Plaintiff's "Complaint" is sprinkled with Constitutional, statutory, regulatory and other citations with no explanation of how any of those citations are implicated in this matter. The "Complaint" also includes an extensive list of interested parties and entities with no description of how or why these individuals and entities are involved in this matter. Finally, the "Complaint" includes no demand for relief of any sort.

## II. ARGUMENT

In lieu of filing an actual complaint, Plaintiff has filed a collection of documents from his administrative case and pages that appear to have been printed from the internet. *See* Doc. 1. Although this collection of documents is docketed as Plaintiff's "Complaint," it contains not a single line of pleading specific to this District Court case. *Id.* Plaintiff's Complaint contains no statement of jurisdiction, venue, explanation of the parties, enumeration of allegations with

factual support, legal support, counts, or prayer for relief. *Id*. Plaintiff's Complaint therefore must be dismissed for failure to state a claim. To the extent that Plaintiff is attempting to state a claim under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") he has failed to allege sufficient facts to support such a claim. Finally, even if this Court were to construe Plaintiff's Complaint as stating a cognizable Title VII claim, he has failed to properly serve the United States under the requirements for Fed. R. Civ. P. 4(1)(2) and 4(m). Accordingly, Plaintiff's Complaint must be dismissed.

**A.     The Plaintiff's Complaint fails to state a claim**

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim when a complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A complaint must offer more than "naked assertion[s]," *Id*. at 555. To state a claim for relief that is plausible, the plaintiff must plead facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions;

they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).

Although the pleadings of *pro se* parties are construed more liberally than pleadings drafted by attorneys, *pro se* plaintiffs are not excused from complying with the Federal Rules of Civil Procedure or the pleading standards set forth in *Twombly* and *Iqbal*. *See Loor v. Puente,* 2015 WL 5833964, at *1 (11th Cir. Oct. 7, 2015) (citing *Iqbal*, stating "Since Loor is proceeding pro se, we liberally construe his pleadings; however, we may not rewrite Loor's complaint," and affirming district court's dismissal of complaint); *Logan v. Hall*, 604 F. App'x 838, 839 (11th Cir. 2015) ("This liberal construction, though, does not give a court license to rewrite an otherwise deficient pleading in order to sustain an action."); *Dunson v. McKinney*, 412 F. App'x 196, 198 (11th Cir. 2011) (noting that while courts should interpret "a pro se plaintiff's complaint less stringently," the court's "duty to construe a plaintiff's complaint liberally is not equivalent to a duty to rewrite it").

Even if this Court were to construe Plaintiff's Complaint as attempting to state a claim under Title VII, Plaintiff's Complaint fails to allege a prima facie Title VII claim or identify any claim for which Defendant could be liable.

Here Plaintiff has failed to meet the burden of pleading as required under the *Twombly* and *Iqbal* standard. Because Plaintiff's Complaint is void of any detail, claims, allegations, or requests for relief, it is difficult to determine what type of claim he is trying to bring. His Complaint cannot even meet the more liberal requirements for *pro se* pleadings. This Court should not rewrite the Complaint for him, and instead should dismiss.

**B.     Plaintiff's Claims Must Be Dismissed Because He Failed to Properly Serve the United States**

In order to serve an agency of the United States, a United States' employee sued in an official capacity, or an officer of the United States, Rule 4(i)(2) requires a plaintiff to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

In order to serve the United States, a plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i).

If, as here, a plaintiff fails to effect proper service of his complaint and a summons within 90 days of the date on which he filed his complaint with the Court, the complaint "must" be dismissed. Fed. R. Civ. P. 4(m); *see Dorman v. Simpson*, 893 F.Supp. 1073, 1079 (N.D. Ga. 1995); *Daniel v. United States of America*, 891 F.Supp. 600, 605 (N.D. Ga. 1995). Plaintiff's *pro se* status does not excuse his

failure to comply with the service requirements of Rule 4. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding that a *pro se* litigant's ignorance of the law is no excuse for failing to comply with the service requirements); *Mitchell v. American Home Mortg. Servicing, Inc.*, 2008 WL 2064662, at *2 (N.D. Ga. May 13, 2008) (dismissing pro se complaint for failure to perfect timely service of process and failure to prosecute case); *Sanders v. Fluor Daniel, Inc.*,151 F.R.D. 138, 139 (M.D. Fla. 1993) ("[T]here can be no lenient exception granted for a [*pro se*] Plaintiff's failure to comply with the formal Rules of Civil Procedure").

In this case, Plaintiff filed his Complaint on April 19, 2016. *See* Doc. 1. Since that time, despite the passage of more than 90 days, Plaintiff has failed to effectuate proper service of his Complaint and Summons on the Attorney General of the United States. Consequently, Plaintiff has failed to comply with the requirements of Rules 4(i) and (m) of the Federal Rules of Civil Procedure.

In light of the requirements for effective service on a United States agency or officer, there can be no "good cause" for Plaintiff's failure to serve Defendant in accordance with the Rules. *See Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (explaining that good cause exists only where an outside factor, rather than inadvertence or negligence, prevented service); *Profit v.*

*Americold Logistics, LLC.*, 2008 WL 1902190, at *4(N.D. Ga. Apr. 25, 2008) (same); *Denton v. United States,* 2006 WL 3783595, *2 (N.D. Ga. Dec. 21, 2006) (dismissing case pursuant to Rule 4(m) and explaining failure to show good cause for not timely serving defendants).  This matter should, therefore, be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety under the Federal Rules of Civil Procedure 12(b)(6) and (5).

        Respectfully submitted,

        JOHN HORN
        UNITED STATES ATTORNEY

        /s/ *Emily Shingler*
        EMILY SHINGLER
        Assistant U.S. Attorney
        Georgia Bar No. 311482
        600 United States Courthouse
        75 Ted Turner Dr., S.W.
        Atlanta, Georgia  30303
        Voice:     (404) 581-6000
        Facsimile: (404) 581-4667

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOSHEA JOHN JONES,<br><br>    Plaintiff,<br><br>V.<br><br>SYLVIA MATHEWS BURWELL,<br>SECRETARY, U.S. DEPT. OF HEALTH<br>AND HUMAN SERVICES,<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>1:16-cv-01262-LMM-WEJ |

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

/s/ *Emily Shingler*
EMILY SHINGLER
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOSHEA JOHN JONES,<br><br>    Plaintiff,<br><br>V.<br><br>SYLVIA MATHEWS BURWELL,<br>SECRETARY, U.S. DEPT. OF HEALTH<br>AND HUMAN SERVICES,<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>1:16-cv-01262-LMM-WEJ |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was, this day, sent by first class mail, postage prepaid to the following:

    Moshea John Jones
    310 Woodstock Dr. SW
    Atlanta, GA 30331

This 2nd day of August, 2016.

                                  */s/ Emily Shingler*
                                  EMILY SHINGLER
                                  Assistant U.S. Attorney